THOMAS ROSENBLOOM, Respondent, *v.* JESSIE G. FINCH, Appellant.

APPEAL from a judgment rendered in favor of the plaintiff in the Municipal Court of the city of New York, borough of Manhattan.

Edward Wells, Jr., for appellant.

Meyer Greenberg, for respondent.

GREENBAUM, J. Plaintiff's assignor leased certain apartments to defendant for use as a private school, the term expiring October 1, 1901. The action is brought to recover rent for the months of August and September, aggregating $200, and for damages by reason of injuries to the walls and ceilings, under the clause of the lease that the tenant will deliver up premises in good order.

The justice allowed a recovery for the rent and for fifteen dollars damages, and from the judgment rendered defendant appeals.

The defendant seeks to defeat a recovery of the rent upon the ground that the landlord, during her absence in the summer months, had repairs made upon the premises without her authority,

and that this unlawful entry constituted an eviction. It is sufficient to meet this contention by saying that the proof amply tended to show that the defendant consented to the repairs, and the finding of the justice in this respect should not be disturbed.

As to the point, that the interlineation of the name of plaintiff in the assignment of the landlord's claim, called for proof upon the plaintiff's part that it was before execution of the instrument, we find that the authorities do not bear out appellant's contention excepting when the alteration is a suspicious one. There is nothing suspicious in the manner in which plaintiff's name is inserted; it was evidently omitted in the type-written form, and unless some name were inserted there would not have been an assignment in fact. Tillou v. Clinton Mut. Ins. Co., 7 Barb. 564.

For the allowance of the item of fifteen dollars, however, we find no warrant. The repairs were made before the expiration of the term, and therefore, before any obligation arose under the clause of the lease, requiring the surrender of the premises " in good order and condition."

The judgment should be modified by reducing the amount of the recovery to two hundred dollars ($200), and the original costs and disbursements, and as modified, affirmed, without costs to either party on this appeal.

FREEDMAN, P. J., and GIEGERICH, J., concur.

Judgment modified, and as modified, affirmed, without costs.